UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID A. BRIGGS, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 08-05-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     *Defendant* | ) | |

## *RECOMMENDED DECISION ON PLAINTIFF'S PETITIONS FOR ATTORNEY FEES*

The plaintiff applies for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after obtaining remand of his Social Security Disability ("SSD") and Supplemental Security Income ("SSI") case to the commissioner for further proceedings.  *See* Plaintiff's Petition for Attorney Fees ("Petition") (Docket No. 23); Supplemental Application for EAJA Fees and Expenses ("Supplemental Petition") (Docket No. 26); *see also* Report and Recommended Decision ("Decision") (Docket No. 20); Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 21); Judgment (Docket No. 22).

    The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  As the First Circuit, in construing this language, has explained:

1

> The burden is on the government to demonstrate that its position was "substantially justified." Although the language of the statute refers to a "prevailing party," the statute makes clear that courts are to examine both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States. . . .
>
> The government need not show that its position was "justified to a high degree"; rather, it must show that its position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." The Supreme Court has said this is equivalent to the "reasonable basis both in law and fact" formulation we have used.

*Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

The commissioner contests the Petition solely on the ground that his position on appeal was substantially justified. *See* Defendant's Opposition to Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act ("Opposition") (Docket No. 24) at 2-6. He has filed no opposition to the Supplemental Petition. *See* ECF Docket.

The plaintiff's case was reversed and remanded on the basis that the administrative law judge had purported to embrace the findings of non-examining consultants that the plaintiff was limited to the performance of simple instructions or simple tasks, yet found him capable of performing jobs with a General Educational Development ("GED") reasoning level of 2, a rating that this court previously has held generally is beyond the capacity of a person with such restrictions. *See* Decision at 4-6.

At oral argument, the commissioner's counsel pointed out that in a 2005 case, *Cooper v. Barnhart*, No. 04-222-P-S, 2005 WL 1231496 (D. Me. May 24, 2005) (rec. dec., *aff'd* June 23, 2005), this court rejected the claimant's contention that a GED reasoning level of 2 is inconsistent with a limitation to one- or two-step tasks. *See* Decision at 6 n.3. The Decision noted: "While that is true, the claimant in *Cooper* unfortunately did not call to the court's attention a prior decision, *Flagg v. Barnhart*, No. 04-45-B-W, 2004 WL 2677208, at *5 (D. Me.

Nov. 24, 2004) (rec. dec., *aff'd* Dec. 14, 2004), in which it had noted that a GED reasoning level of 2 is incompatible with a limitation to simple instructions." *Id*. (citation omitted). "*Cooper* therefore is an anomaly, inconsistent with both prior and subsequent caselaw of this court on the point in question." *Id*.

The commissioner reasons that "since there was an unresolved inconsistency in how this Court has decided that issue, the Commissioner was substantially justified for EAJA purposes in defending the ALJ's otherwise proper decision before this Court." Opposition at 5. I am unpersuaded. While "uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position[,]" *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994), the mere existence of conflicting authority is not necessarily dispositive, *see, e.g., id*. at 1038 (upholding district court's finding that government's pre-litigation conduct in defending children's disability regulations was not substantially justified, despite existence of conflicting caselaw during pre-litigation phase, when Supreme Court in subsequently invalidating the regulations did not consider the issue even to be a close one, finding them "manifestly contrary to the statute") (citation and internal quotation marks omitted).

As the plaintiff points out in his reply brief in support of his Petition, the observation in *Cooper* was dictum, the claimant's case having been reversed and remanded on other grounds, and clashed with subsequent consistent holdings of this court that a GED level of 2 is inconsistent with a limitation to performance of simple tasks or instructions. *See* Plaintiff's Reply Memorandum in Response to the Defendant's Opposition to an Award of EAJA Fees ("Reply") (Docket No. 25) at 3; *Cooper*, 2005 WL 1231496, at *3-*4.; Decision at 5 (citing two of this court's cases decided subsequent to *Cooper* for the proposition that a GED level of 2

3

generally is beyond the capacity of a person limited to simple instructions or tasks).  As the plaintiff suggests, *see* Reply at 3, reliance on a single deviation, in dictum, from a consistent line of cases issued both prior to and subsequent to the anomalous case does not constitute substantial justification.

Accordingly, I recommend that the Petition, which seeks a total of $4,918.77 for work performed in securing the plaintiff's remand, and the Supplemental Petition, which seeks a total of $1,284.38 for work performed in connection with the instant fee dispute as well as for services inadvertently omitted from the Petition, totaling $6,203.15 be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of April, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge